Filed 12/9/15  P. v. Bell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDDIE BELL,<br><br>    Defendant and Appellant. | D064935<br><br><br><br>(Super. Ct. No. SCD127984) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Warren Williams and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

Eddie Bell appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126.  (Undesignated statutory references are to this code.)  The trial court denied Bell's petition on the ground that Bell's "current offense" of

making a criminal threat is a serious felony, rendering Bell ineligible for recall of his sentence. Bell contends the trial court erred in denying his petition because: (1) making a criminal threat was not a serious felony at the time he committed the crime; and (2) classifying his crime as a serious felony violates ex post fact principles. Based on our high court's recent decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we reject Bell's first argument. We also reject his ex post facto argument. Accordingly, we affirm the trial court's order.

## PROCEDURAL HISTORY

In 1997, a jury convicted Bell of making a criminal threat and misdemeanor crimes of false imprisonment and battery. The court found true that Bell had at least two prior strike convictions and four prison priors. The trial court sentenced him to an indeterminate term of 25 years to life in prison for the threat conviction and a consecutive term of four years for the prison prior, resulting in a total sentence of 29 years to life.

In 2013, Bell petitioned for recall of his sentence under section 1170.126, which was part of the Three Strikes Reform Act of 2012 (Proposition 36 or the Act). The trial court denied the petition, finding Bell was ineligible for resentencing under the Act because making a criminal threat is a serious felony.

## DISCUSSION

### I. *Serious Felony*

Bell argues the trial court erred in denying his petition because making a criminal threat was not classified as a serious felony when he committed his crime in 1997. We reject this argument.

Preliminarily, we note that the parties dispute whether the denial of a petition to recall a sentence under section 1170.126 is an appealable order. This issue was recently resolved in *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601, which concluded it is appealable.

"The Act amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second-strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony." (*Johnson*, *supra*, 61 Cal.4th at pp. 681-682.) In addition, "the Act provides a procedure by which some prisoners already serving third-strike sentences may seek resentencing in accordance with the new sentencing rules. [Citation.] 'An inmate is eligible for resentencing if . . . [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' " (*Id.* at p. 682.)

Based on "the present verb tense in describing the character of the current offense, the parallel structure of the sentencing and resentencing provisions, and the ballot arguments in support of Proposition 36" our high court concluded that "the classification of an offense as serious or violent for purposes of resentencing is based on the law as of November 7, 2012, the effective date of Proposition 36." (*Johnson*, *supra*, 61 Cal.4th at p. 683.)

Here, Bell's offense of making a criminal threat was not a serious felony at the time Bell committed his offense, but was added to the list of serious felonies by Proposition 21, effective March 8, 2000. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577; § 1192.7, subd. (c)(38).) Because making a criminal threat was classified as a serious felony on the Act's effective date, Bell was ineligible for recall of his sentence under section 1170.126, and the trial court did not err in denying his petition.

## II. *Alleged Ex Post Facto Violation*

Bell argues the trial court's denial of his petition to recall his sentence violated his constitutional right against ex post facto laws.

"[T]he ban on ex post facto legislation is narrow in scope. Recently, the United States Supreme Court restructured its understanding of the ex post facto clause by rejecting certain expansive formulations that had developed over the years, and by returning the clause to its original meaning at the time the Constitution was framed. [Citations.] [¶] As a result, the ex post facto clause prohibits only those laws which 'retroactively alter the definition of crimes or *increase the punishment for criminal acts*.' [Citations.] The basic purpose of the clause is to ensure fair warning of the consequences of violating penal statutes, and to reduce the potential for vindictive legislation. [Citation.] The federal and state ex post facto clauses are interpreted identically. [Citation.]" (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1170.)

Here, at the time the Act became effective, Bell had already been sentenced for his crime. The Act did not increase that punishment or make it greater than when it was committed. "A finding an inmate is not eligible for resentencing under section 1170.126

4

does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.)  Moreover, the Act provides for a *decreased* punishment for certain eligible defendants.  Thus, the trial court's denial of Bell's petition to recall his sentence does not raise ex post facto concerns.

## DISPOSITION

The order is affirmed.


McINTYRE, J.

WE CONCUR:


NARES, Acting P. J.


HALLER, J.